Dear Senator Landry:
This office is in receipt of your request for an opinion of the Attorney General in regard to the requirements for liability coverage by intrastate motor carriers. You indicate the Office of Motor Vehicles will not accept self-insurance by motor carriers despite that R.S. 32:900(m) in Subsection (2) provides as follows:
 If, however, the motor carrier has qualified with the Interstate Commerce Commission as a self-insurer, as authorized by 49 U.S.C. § 10927, the carrier shall be authorized as a self-insurer in Louisiana.
However, you further indicate with the federal mandate requiring deregulation there is no longer regulation of the motor carriers by the Interstate Commerce Commission.
In Chapter 5, Motor Vehicles Safety Responsibility Law, of Title 32, Motor Vehicles and Traffic Regulations, we find Part I-A, Compulsory Motor Vehicle Liability Security. Therein is R.S.32:861, Securities Required, and it provides, with a few statutorily designated exceptions, that every self-propelled motor vehicle registered in this state "shall be covered by an automobile liability policy * * * or by a certificate of self insurance as provided by R.S. 32:1042." Part III, Proof of Financial Responsibility includes R.S. 32:900, defining Motor Vehicle Liability Policy, and Paragraph (M) mandates in subsection (1) that every motor carrier shall be covered by a liability policy, and sets forth thereafter the required liability limits. However, subsection (2) states, as you have noted, that if the motor carrier has qualified with the Interstate Commerce Commission as a self-insurer as authorized by 49 USE 10927 it will be authorized as self-insurer in this state.
However, as noted above, R.S. 32:861 allows, in addition to an automobile liability policy, a certificate of self insurance as provided by R.S. 32:1042. That statute, in Part V, Miscellaneous Provisions, is entitled, Self-insurers, and allow persons having twenty-five of more registered motor vehicles or who own property in Louisiana valued at $100,000 or more to seek to qualify as a self-insurer by obtaining a certificate of self-insurance issued by the assistant secretary of the office of motor vehicles as provided in Subsection B thereof. Subsection B gives the assistant secretary discretion upon receipt of an application to issue a certificate of self-insurance where is he satisfied that the applicant is possessed and will be possessed with the ability to pay judgments obtained against them.
Consequently, it appears to us when all the statutes are read together that a motor carrier can still be covered as self-insured when a certificate is obtained in accordance with the provisions of R.S. 32:1042. The provisions of R.S. 32:900(M) are in addition to the procedure of R.S. 32:1042 and therein the legislature has designated a motor carrier would be recognized as self-insured after qualifying with the Interstate Commerce Commission as a self-insured.
Since you indicate there is no longer regulation of motor carriers by the Interstate Commerce Commission, it appears that this state statute could not now be implemented, but that does not affect those who had previously qualified with the Interstate Commerce Commission as self-insured; nor does it affect R.S.32:1042 which allows for issuance of a certificate from the assistant secretary upon application as self-insured. Under these circumstances the office of motor vehicles should accept these applications as covered as self-insureds.
We hope this sufficiently answers your inquiry and is of assistance to you.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: ______________________________
 BARBARA B. RUTLEDGE Assistant Attorney General
BBR